IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Terry Floyd Lundell, | ) | No. CV-09-720-TUC-FRZ (JCG) |
| Petitioner, | ) | **REPORT & RECOMMENDATION** |
| vs. | ) | |
| Craig Apker, | ) | |
| Respondent. | ) | |

Pending before the court is a Petition for Writ of Habeas Corpus brought pursuant to Title 28, United States Code, Section 2241.[1] The petitioner, Terry Floyd Lundell, currently confined in the Satellite Prison Camp of the United States Penitentiary in Tucson, AZ alleges that the Bureau of Prisons (BOP) failed to timely consider Petitioner for placement in a Residential Re-Entry Center ("RRC"). Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for a Report and Recommendation. Before the Court are the Petition and supporting Memorandum (Doc. Nos. 6 & 7), Respondent's Answer (Doc. No. 13) and Petitioner's Reply. (Doc. No. 15.)

## **Summary of the Case**

Petitioner is serving a 65-month sentence, followed by 5 years of supervised release, for making false statements on loan credit applications and renewals in violation of 18 U.S.C. §

---

[1] 28 U.S.C. § 2241 is the federal habeas corpus statute that permits a prisoner to challenge his imprisonment on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. *See generally Peyton v. Rowe*, 391 U.S. 54 (1968).

1014. (Answer, Ex. 1, Attachment 2.) He is projected to be released from prison via good time conduct on March 30, 2011. (*Id.*)

On April 9, 2008, the Second Chance Act of 2007 ("SCA") was signed into law. *See* 18 U.S.C. §§ 3621 and 3624. The SCA sets forth standards by which the BOP is required to make decisions concerning prisoner placement in RRCs. The Act requires the Director of the Bureau of Prisons "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term, not to exceed 12 months, under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c)(1).

At a program review on September 25, 2009, Petitioner informed BOP officials that he intended to reside in Tucson, Arizona and therefore required his post-release supervision to be relocated from the Northern District of Texas. (Doc. No. 15, pgs. 6, 15.) Petitioner claims that he provided his release plan to BOP officials on that date. (*Id.*, pg. 6.) According to Respondents, when a relocation of supervision request is made, the BOP is required to contact the United States Probation Office for approval to change an inmate's release location. (Doc. No. 13, Ex. 1.) Petitioner's request for relocation of supervision was submitted 15 months prior to his release date, or approximately December, 2009. (Doc. No. 15, pgs. 12, 13 & 15.)

On December 28, 2009, Petitioner filed the pending Petition for Writ of Habeas Corpus. (Doc. No. 1.)

According to a memorandum drafted by BOP Case Manager Patrick Sheeley, approval for Petitioner's relocation of supervision was received in March, 2010. Petitioner was considered for a 12-month RRC placement on March 19, 2010. (Answer, Ex. 1, Attachment 3.) Petitioner was recommended for an RRC placement of 5-6 months. (*Id.*)

## Discussion

**A.     Exhaustion of Administrative Remedies**

Respondents contend that Petitioner has failed to exhaust his administrative remedies prior to filing the pending Petition. In response, Petitioner contends that exhaustion would have

- 2 -

been futile. Because exhaustion is not jurisdictional and because, for the reasons stated in Sections D-F, below, Petitioner's Petition is without merit, the Court need not consider Respondent's exhaustion argument.

**B.      Petitioner's Claims**

To obtain a writ of habeas corpus, Petitioner must show that "[h]e is in custody in violation of the Constitution or laws or statutes of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's Petition presents three grounds for relief:

Ground 1:   Petitioner alleges that BOP failed to consider Petitioner for RRC placement 17-19 months before his projected release date;

Ground 2:   Petitioner alleges that BOP failed to consider the five factors mandated by the SCA in evaluating Petitioner's eligibility for RRC placement; and

Ground 3:   Petitioner alleges that the BOP has adopted a *de facto* policy of refusing to consider any inmates for RRC placement exceeding 6 months, in violation of the SCA.

(Doc. No. 6, pgs. 4-6; Doc. No. 7, pg. 3; Doc. No. 15, pgs. 1-3.)

**C.      The Second Chance Act**

SCA directs the BOP to ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. *See* 18 U.S.C. § 3624(c)(1). The statute specifies that such conditions may include a community correctional facility. *Id.* The BOP is to utilize the five factors sets forth in 18 U.S.C. § 3621(b) to make such determinations. That statute provides, in relevant part:

> (b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering–
>
> (1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence--

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

**D.    Ground 1**

Petitioner alleges that BOP failed to consider Petitioner for RRC placement 17-19 months before his projected release date. In support of his claim, Petitioner cites to an April 14, 2008 "Memorandum for Chief Executive Officers" issued by the Federal Bureau of Prisons regarding pre-release residential re-entry center placements following the Second Chance Act of 2007. (Doc. No. 15, pg. 23.) This Memorandum states that Program Statement 7310.04[2] has been amended to require review of RRC placements 17-19 months before projected release date. According to Petitioner, he should have been considered for RRC placement no later than October, 2009, and therefore the March, 2010 RRC decision was untimely. (Doc. No. 6, pg. 4). In their Answer, Respondents assert that Petitioner's RRC recommendation was delayed because approval of the United States Probation Office was required to change his release residence, and that approval was not obtained until March, 2010.

It appears from the record that Petitioner's RRC placement was initially considered on September 25, 2009 (within the 17-19 month guideline set by the April 14, 2008 memorandum), at which time Petitioner stated his request for release in Tucson, causing an excusable delay in issuing an RRC placement recommendation. Petitioner contends that the BOP caused the delay

---

[2] A Program Statement is an internal, interpretive rule promulgated by the BOP. *See Muniz v. Sabol*, 517 F.3d 29, 39-40 (1st Cir. 2008). Program Statement 7310.04 is available at http://www.bop.gov/policy/progstat/7310_004.pdf (last viewed 4.15.10).

in obtaining approval of the United States Probation Office, because the BOP did not submit Petitioner's request for relocation of supervision until 15 months prior to his release date, or approximately December, 2009. Even if this delay were excessive (the Court declines to comment on whether the BOP should have prepared the request for relocation in less than three months) it would not change the fact that Petitioner's request for transfer resulted in the BOP not being able to make an RRC placement decision within 17-19 months of Petitioner's anticipated release date. It took four months (December, 2009 through March, 2010) for the United States Probation Office to approve the BOP's request for change of release residence. Even if the BOP had prepared the request for relocation on September 25, 2009 (the day Petitioner requested it), the BOP would not have been able to issue an RRC placement decision before October, 2009 (17 months before Petitioner's anticipated release date), through no fault of its own.

In addition, the Court notes that even if BOP erred in failing to determine Petitioner's RRC placement prior to March, 2010, Petitioner has not suffered any harm as a result. For the reasons stated in Section E, below, the BOP's recommendation of 5-6 months RRC placement is reasonable. Petitioner is projected to be released from prison via good time conduct on March 30, 2011; he will be transferred to an RRC facility at the end of October, 2010. (Answer, Ex. 1, Att. 3.) Even if the BOP had determined Petitioner's RRC placement earlier, there is no evidence that Petitioner would have been assigned more time in an RRC facility or been transferred to an RRC facility earlier than October, 2010.

**E.     Ground 2**

Petitioner alleges that BOP failed to consider the five factors mandated by the SCA in evaluating Petitioner's eligibility for RRC placement. This argument is without merit. The record indicates that Petitioner's March 19, 2010 Program Review included consideration of the five factors. (Answer, Ex. 1, Att. 3.) Not only were the five factors noted on Petitioner's Program Review, but Petitioner's case manager further explained the application of the five factors to Petitioner's case in a memorandum dated March 23, 2010. (Doc. No. 15, pg. 19.)

To the extent that Petitioner intends to argue that proper consideration of the five factors mandated by the SCA would have resulted in a 12-month RRC placement for Petitioner, the Court disagrees. The SCA does not mandate a RCC placement of 12-months or prohibit a placement of less than 12-months. *See* 18 U.S.C. § 3624(c); *Roman v. Berkebile*, 2008 WL 4559825 at *2 n.2 (N.D. Tex. Oct. 6, 2008) (prisoners my receive a maximum of 12 months under the Second Chance Act, but there is no presumptive minimum). Although Petitioner may understandably believe that a longer RRC placement would benefit him, a petitioner "is not entitled to a writ of habeas corpus simply because he thinks the Bureau of Prisons misjudged his situation and made a bad decision about when he should be transferred to an RRC." *Segovia-Reyna v. Cruz*, 2009 WL 279482 (D. Minn. 2009). The SCA only requires that the BOP consider an inmate for RRC placement; it does not mandate that the inmate actually get such placement. *Wedelstedt v. Wiley*, 477 F.3d 1160, 1168 (10th Cir. 2007). In sum, an inmate is entitled to a good faith and proper exercise of discretion by the BOP. *Rodriguez v. Smith*, 2007 WL 628663, *3 (E.D.Cal. Feb. 28, 2007), *aff'd* 541 F.3d 1180, 1187 (9th Cir. 2008). Petitioner has failed to demonstrate that the BOP failed to properly exercise its discretion in this matter.

**F.     Ground 3**

Petitioner alleges that the BOP has adopted a *de facto* policy of refusing to consider any inmates for RRC placement exceeding 6 months, in violation of the SCA. Petitioner lacks standing to raise this argument, as the uncontroverted evidence in the record indicates that Petitioner received the individualized inquiry to which he was entitled. Furthermore, this argument is without merit. In support of his assertion, Petitioner cites to language in the April 14, 2008 "Memorandum for Chief Executive Officers" that states "should staff determine an inmate's pre-release RRC placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager." Petitioner contends that this Memorandum impermissibly caps the 12-month placement contemplated by the SCA to a 6-month placement absent special circumstances. There is no evidence in the record to suggest that the BOP relied on the April

14, 2008 Memorandum in determining Petitioner's RRC placement. The guidelines set forth in the April 14, 2008 Memorandum have been replaced by formal regulations. *See Juda v. Chavez,* 2010 WL 1193545, *3 (D. Ariz. February 26, 2010); *Wires v. Bledsoe*, 2010 WL 427769, *11 (M.D. Pa., February 3, 2010). These regulations, adopted on October 21, 2008, were in place at the time of Petitioner's RRC placement decision. *See* 73 Fed.Reg. 62440. They state that "[i]nmates may be designated to community confinement as a condition of prerelease custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months." 28 C.F.R. § 570.21(a). The regulations further provide that "[i]nmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. § 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part." 28 C.F.R. § 570. 22 (Oct. 22, 2008). Accordingly, there is no evidence to support Petitioner's claim that the BOP has adopted a *de facto* policy of refusing to consider any inmates for RRC placement exceeding 6 months, in violation of the SCA.

## **Conclusion**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition for Writ of Habeas Corpus (Doc. No. 6).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 09-720-TUC-FRZ**.

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 27th day of April, 2010.

Jennifer C. Guerin
United States Magistrate Judge