# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Floyd Lundell,<br><br>    Petitioner,<br><br>vs.<br><br>Craig Apker,<br><br>    Respondent. | No. CIV 09-720-TUC-FRZ (JCG)<br><br>**ORDER** |

Before the Court for consideration is the Amended Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody filed by Petitioner Terry Floyd Lundell.

Petitioner, naming Warden Craig Apker as Respondent to the amended petition alleges that the Bureau of Prisons (BOP) failed to timely consider Petitioner for placement in a Residential Re-Entry Center ("RRC"). Petitioner raises the following three grounds for relief in the Amended Petition:

(1)"BOP SPC Tucson Apker failed to timely consider petitioner for a Residential Re-entry Center ("RRC") pursuant to 18 U.S.C. § 3624(c)";

(2)"Apker has categorically denied consideration of [] the Act's requirement that pre-release RRC placement decisions be made on an individual basis in every inmate's case, including the criteria in 18 U.S.C. § 3621(b) and the Bur[eau]'s categorical time frame limitations on pre-release community confinement, found at 28 C.F.R. §§ 570.20 and 21 are no longer applicable and must no longer be followed"; and

(3) "Although BOP has d[i]scretion to refuse to place an inmate in an RRC the exercise of discretion must be based at least in part on specific factors outlined in 18 U.S.C. §§ 3524(c) & 3621(b), therefore Apker's BOP SPC staff instruction to wait until within one year of projected release date simply ignores those factors [and] as such, contradicts, rather than interprets §§ 3624(c) and 3621(b)."

This action was referred to Magistrate Judge Jennifer C. Guerin for pretrial proceedings and report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LRCiv 72.1 and LRCiv 72.2 of the Rules of Practice of the United States District Court for the District of Arizona, Local Rules of Civil Procedure.

Magistrate Judge Guerin issued her Report and Recommendation on April 27, 2010, recommending that this Court, after an independent review of the record, enter an order denying the Amended Petition for Writ of Habeas Corpus.

Before the Court for review is the amended petition and supporting memorandum, Respondent's answer, Petitioner's reply, the Report and Recommendation and Petitioner's written objections thereto.

The Report and Recommendation includes a thorough procedural and factual background and an in-depth analysis of the legal issues presented, specifically finding that (1) there is no evidence that Petitioner would have been assigned more time in an RRC facility or been transferred to an RRC facility earlier than October 2010; (2) Petitioner has failed to demonstrate that the BOP failed to properly exercise its discretion in this matter; and (3) there is no evidence to support Petitioner's claim that the BOP has adopted a *de facto* policy of refusing to consider any inmates for RRC placement exceeding 6 months, in violation of the Second Chance Act of 2007 ("SCA").

The Court finds, after careful consideration of the matters presented and an independent review of the record herein, including Plaintiff's objections to the Report and Recommendation, that Petitioner's Amended Petition for Writ of Habeas Corpus should be denied.

Based on the foregoing,

1    IT IS ORDERED that Magistrate Judge Guerin's Report and Recommendation [Doc. 17] is hereby ACCEPTED AND ADOPTED as the findings of fact and conclusions of law by this Court;

Judgment shall enter accordingly.

DATED this 21st day of October, 2010.

*Frank R. Zapata*
Frank R. Zapata
Senior United States District Judge